

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 7/29/08

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

**ANDREW M. CUOMO**
Attorney General

RECEIVED
JUL 29 2008
CHAMBERS OF
ANDREW J. PECK

**BY FAX**

LESLIE G. LEACH
Executive Deputy Attorney General
Division of State Counsel

JUNE DUFFY
Assistant Attorney General in Charge
Litigation Bureau

July 29, 2008

**MEMO ENDORSED** 7/29/08

*[Handwritten endorsement by Judge Peck:]*
1. If plaintiff has not served any discovery [illegible] will [illegible] Rule 37 motion.
2. [illegible] by [illegible] on or by 7/31. [illegible] not [illegible] worthless. If it turns out plaintiff has no [illegible] defendants do not have [illegible] can [illegible] application for dismissal.
3. [illegible] called [illegible] drawn [illegible] at this point.
4. Any [illegible] after [illegible] deposition.

SO ORDERED:
Hon. Andrew J. Peck
United States Magistrate Judge

**VIA FACSIMILE**
Honorable Andrew J. Peck
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Walker v. Caban et al.
    Docket No.: 08-CV-3025

Dear Judge Peck:

    The Office of the Attorney General of the State of New York represents the defendants, corrections officers J. Caban and G. Laverty, in the above-referenced matter. During our last appearance before the Court on July 3, 2008 for a discovery status conference, plaintiff Sherman Walker indicated that he would be serving Interrogatories upon defendants and responding to defendants' Interrogatories and Request for the Production of Documents. As of the date of this correspondence, my offices have not received a single letter, item of discovery or discovery request from plaintiff.

    Since the Court has ordered all discovery to be completed by Thursday, July 31, 2008, plaintiff's delay can only be viewed as a complete failure to prosecute his claim requiring the immediate dismissal of his action. The defendants have been significantly prejudiced by plaintiff's failure to engage in meaningful discovery as it has directly affected their ability to plead and prove their defenses, as well as proceed with the deposition of plaintiff. In a good faith effort to resolve this dispute, the undersigned sent a letter to plaintiff via overnight mail on July 25, 2008 requesting compliance with plaintiff's outstanding discovery obligations, as well as rescheduling his deposition to July 31, 2008 in order to permit him the opportunity to comply. (Letter is annexed hereto) Plaintiff has not responded to the July 25, 2008 letter, or displayed any intention of prosecuting his case in good faith. While defendants remain ready to proceed with plaintiff's deposition on July 31, 2008 in order to comply with the Court's discovery deadline, plaintiff's failure to prosecute his case has resulted in significant prejudice to defendants' ability to conduct said deposition.

Therefore, defendants request this Court to order plaintiff's compliance with outstanding discovery, including his responses to defendants' Interrogatories and Request for the Production of Documents. Moreover, defendants request that any witnesses plaintiff may seek to call at trial be precluded at this time, as the current discovery deadline does not allow for defendants to depose any witnesses plaintiff may now choose to identify. In the event plaintiff continues in his noncompliance, defendants request plaintiff's action be dismissed with prejudice for failure to prosecute.

Respectfully submitted,

CHRISTOPHER L. VAN DE WATER
Assistant Attorney General

cc: Sherman Walker (via Overnight Mail)
Pro Se Petitioner
DIN #92-A-7141
Bare Hill Correctional Facility
Caller Box 20
181 Brand Road
Malone, New York 12953



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
Attorney General

LESLIE G. LEACH
Executive Deputy Attorney General
Division of State Counsel

JUNE DUFFY
Assistant Attorney General in Charge
Litigation Bureau

July 25, 2008

**VIA OVERNIGHT MAIL**
Sherman Walker
DIN #92-A-7141
Bare Hill Correctional Facility
Caller Box 20
181 Brand Road
Malone, New York 12953

Re:   Walker v. Caban, et al.
      Docket No.: 08 Civ. 3025(JSR)(AJP)

Dear Mr. Walker:

Enclosed please find an Amended Notice of Deposition, as well as a copy of District Judge Rakoff's Rules. I will be forwarding to you shortly a copy of your medical records, disciplinary hearing transcript and supplemental responses to defendant's initial disclosures. As directed by Judge Peck during our last conference, you were to send me interrogatories as well as responses to defendants' interrogatories and document demands. To date, I have not received a single document, demand, or correspondence of any type from you. Under the Federal Rules of Evidence, if your non-compliance with discovery continues, you may be precluded from offering proof of your claim at the time of trial. Please immediately forward all relevant materials to my attention prior to your deposition, which, in light of your failure to cooperate, has been rescheduled to be held on July 31, 2008.

Very truly yours,

Christopher L. Van De Water
Assistant Attorney General

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:   (212) 805-7933
Telephone No.:   (212) 805-0036

Dated: __July 29, 2008__    Total Number of Pages: __4__

| TO | FAX NUMBER |
|---|---|
| Christopher VanDeWater, Esq. | 212-416-6009 |
|  |  |

# TRANSCRIPTION:

**MEMO ENDORSED 7/29/08**

1. If plaintiff has not sought any discovery, he will get nothing besides defendants' Local Rule 33.2 material.
2. Defendants should depose plaintiff on or before 7/31. Interrogatories to a pro se are worthless. If it turns out plaintiff has any documents that defendants do not have, they can be copied at the deposition.
3. Counsel and Mr. Walker should discuss settlement at the deposition.
4. Any other relief necessary after the deposition can be applied for at that time.

Copies to:   Sherman Walker (Mail)
             Judge Jed S. Rakoff